
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INCARNACION L. SPEAKS, | No. 15-35888 |
| Plaintiff-Appellant, | D.C. No. 9:14-cv-00025-DLC |
| v. | |
| MAZDA MOTOR CORPORATION and MAZDA MOTOR OF AMERICA, INC., DBA Mazda North America Operations, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted June 13, 2017
Seattle, Washington

Before:  D.W. NELSON, M. SMITH, and CHRISTEN, Circuit Judges.

Incarnacion Speaks ("Speaks") appeals the district court's judgment,

following a jury trial, in favor of Mazda Motor Corporation ("Mazda") in a strict

products liability action in which Speaks alleged that her car's passive restraint

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

system was defectively designed. On appeal, Speaks argues that the district court erred by: (1) refusing to instruct the jury that the foreseeable routing of the shoulder belt under the arm was not misuse or negligence; (2) precluding foreseeability-related evidence and refusing to provide an instruction explaining foreseeable misuse; and (3) giving a "mere fact of the accident" instruction. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM in part** and **REVERSE** and **REMAND in part**.

1. The district court abused its discretion by instructing the jury that it could only consider evidence of shoulder belt misuse to determine the cause of Speaks' injuries without also explaining that foreseeable misuse is not a defense to a strict products liability claim under Montana law. In its summary judgment order, the court dismissed Mazda's misuse affirmative defense, explaining that "Speaks' alleged 'misuse' of the restraint system was foreseeable to Mazda" and that "Mazda actually foresaw it." However, the court subsequently declined to instruct the jury in accordance with this pretrial ruling, fearing the "risk of saying too much, drawing too much focus to the concepts of negligence or misuse." That decision was in error. Although the misuse defense was dismissed, the district court permitted Mazda to introduce considerable evidence at trial – including expert testimony – that Speaks must have misused the restraint system by routing

2

the seatbelt under her arm.[1]  This in turn allowed Mazda to imply that misuse, rather than the design of the restraint system, caused Speaks' injuries.  Thus, even though the court repeatedly instructed the jury that it could consider misuse evidence only for the limited purpose of assessing whether Speaks' injuries were caused by a design defect, its failure to also instruct the jury that foreseeable misuse is not a defense to a strict products liability claim under Montana law left the jury awash with misuse evidence yet without instructions that "fairly and adequately covered the issues presented." *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000).[2]

Without a clarifying and legally correct instruction akin to the one that Speaks requested, the jury would not have known that foreseeable misuse is not a defense under Montana law and could have equated under-the-arm seatbelt routing with unreasonable misuse.  *See Kenser v. Premium Nail Concepts, Inc.*, 338 P.3d 37, 43 (Mont. 2014) ("[I]f it is reasonably foreseeable to a defendant that its product can be or is being used in a specific manner, and a consumer is injured by

---

[1] To be clear, because Mazda was entitled to introduce evidence to try to defeat the causation element of Speaks' case, we do not hold that the district court improperly admitted Mazda's misuse evidence.

[2] We note that the instruction in which the district court explained that the "negligence of either party is not relevant to" a strict products liability case exacerbated the need for an instruction of the sort that Speaks requested because the court never explained negligence or addressed foreseeable misuse.

using the product in that manner, the defendant cannot argue that the plaintiff had misused its product."); *cf. id.* ("The court's instruction that Kenser's use of the product was foreseeable . . . and did not constitute misuse was correct but inadequate and allowed the possibility that the jury could or would equate 'skin contact' with 'misuse.'"). Consequently, on the record before us, and in the absence of any arguments from Mazda concerning prejudice, we hold that the district court prejudicially erred. *See Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless. Because we presume prejudice where civil trial error is concerned, the burden shifts to the defendant to demonstrate that the jury would have reached the same verdict had it been properly instructed.").

2. The district court abused its discretion by precluding Speaks from introducing foreseeability-related evidence and refusing to provide an instruction akin to Speaks' proposed jury instruction number 46, which stated that:

> Sellers must expect that their products will not always be used in precisely the manner for which they were designed or constructed. Under Montana law, if a seller expects or reasonably foresees that its product is or will be subject to use in a certain fashion the product's

4

design must design out or guard against defects associated with such use.

First, the district court's determination that foreseeability evidence may only be presented in negligence cases or in strict liability cases involving the misuse affirmative defense is not supported by Montana law. *See Kenser*, 338 P.3d at 40–43 (requiring jury instructions and evidence on foreseeability issues in strict products liability case where no misuse affirmative defense was available); *McJunkin v. Kaufman & Broad Home Systems, Inc.*, 748 P.2d 910, 918 (Mont. 1987) (concluding that "[t]he test of a defective product is whether the product was unreasonably unsuitable for its intended *or foreseeable purpose*" (emphasis added)); *see also Wise v. Ford Motor Co.*, 943 P.2d 1310, 1312 (Mont. 1997) (describing the *McJunkin* test); Montana Pattern Instruction 7.02 (1997) (characterizing the second element of a design defect claim as follows: "at the time of the injury [damage] the product was being used by plaintiff *in a manner reasonably foreseeable by the defendant*" (emphasis added)).

Although it permitted Mazda to introduce considerable evidence that Speaks routed the shoulder belt under her arm – thereby allowing misuse to remain the centerpiece of Mazda's defense – the district court precluded Speaks from

rebutting Mazda's evidence with evidence or "arguments about foreseeability,"[3] despite having previously concluded that "Speaks' alleged 'misuse' of the restraint system was foreseeable to Mazda" and that "Mazda actually foresaw it." On the record before us, and in the absence of any arguments from Mazda concerning prejudice, we cannot hold that the district court's error was harmless. *See Duran*, 221 F.3d at 1130 (9th Cir. 2000) (to reverse "on the basis of an erroneous evidentiary ruling, we must find . . . that the error was prejudicial" (citation and internal quotation marks omitted)).

Second, Speaks' proposed Jury Instruction 46 was supported by Montana law. *See Lutz v. Nat'l Crane Corp.*, 884 P.2d 455, 459–60 (Mont. 1994) (explaining that the Montana strict product liability statute "clearly contemplates that manufacturers must expect, or, stated another way, must reasonably foresee, that their products will not always be used in precisely the manner for which they were designed or constructed"); *id.* at 460 ("[I]f the manufacturer reasonably foresees that its product can be misused in a certain fashion – i.e., that the

---

[3] Given that the district court ruled that "foreseeability is out of the case," and explicitly ordered Speaks not to make any "arguments about foreseeability," we reject Mazda's arguments concerning Speaks' failure to offer foreseeability-related evidence. Speaks reasonably understood that the district court's overarching rulings on foreseeability precluded her from offering such evidence, including through cross examination.

offending misuse is 'reasonable' – then the manufacturer does not have the benefit of a defense which exonerates or mitigates its breach of duty and its wrongful conduct in failing to design out or guard against the defect."); *cf. Sternhagen v. Dow Co.*, 935 P.2d 1139, 1142 (Mont. 1997) (explaining that Montana adopted strict liability doctrine in part because "[t]he manufacturer can anticipate some hazards and guard against their recurrence, which the consumer cannot do"). Without an instruction explaining foreseeable misuse, the jury was left without instructions that "fairly and adequately covered the issues presented." *Duran*, 221 F.3d at 1130. On this record, and in the absence of any arguments from Mazda concerning prejudice, we cannot conclude that the district court's error was harmless. *See Gantt*, 717 F.3d at 707.

3. The district court did not abuse its discretion by instructing the jury that "[s]trict liability is not absolute liability and a plaintiff will not sustain her burden of proof by merely establishing the fact that the accident discussed during the trial occurred." *See Brown v. N. Am. Mfg. Co.*, 576 P.2d 711, 717 (Mont. 1978) ("Ordinarily, a plaintiff will not sustain his burden of proof by merely establishing the fact of the occurrence of an accident. Imposition upon a plaintiff of the burden of showing a traceable defect, causation and damage or injury assures an appropriate limitation to a manufacturer's liability." (internal citation omitted)); *see*

7

*also Wood v. Old Trapper Taxi*, 952 P.2d 1375, 1384 (Mont. 1997); *Hagen v. Dow Chemical Co.*, 863 P.2d 413, 417 (Mont. 1993). Speaks' argument that Justice Treiweiler's special concurrence in *Cameron v. Mercer* requires courts to reject a "mere fact of the accident" instruction in strict products liability cases is unavailing. 960 P.2d 302, 307 (Mont. 1998) (Trieweiler, J., concurring) (concluding that where "the defendant's conduct violated at least three separate motor vehicle statutes, the mere happening of an accident instruction was incompatible with the usual presumption that the defendant's conduct constituted *negligence* as a matter of law." (emphasis added)); *see also id.* ("[I]n an ordinary *negligence* action . . . such an instruction should be given a decent burial." (emphasis added) (citation and internal quotation marks omitted)).

The parties shall bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part** and **REVERSED and REMANDED in part**.